solidated Gas Company. F. E. Fishel, for appellant. L. Semple, for respondent. No opinion. Order affirmed, with $10 costs and disbursements.

---

BRADY, Respondent, v. MUTUAL RESERVE LIFE INS. CO., Appellant. (Supreme Court, Appellate Division, Fourth Department. June 2, 1903.) Action by Andrew J. Brady against the Mutual Reserve Life Insurance Company.

PER CURIAM. Judgment reversed, with costs. Held, that the plaintiff waived his right to object to the policy upon the ground that the date thereof did not conform to the date of the application therefor.

---

BRAUER v. OCEANIC STEAM NAV. CO. (Supreme Court, Appellate Division, First Department. May 22, 1903.) Action by William A. Brauer against the Oceanic Steam Navigation Company. I. D. Warren, for plaintiff. E. P. Wheeler, for defendant. No opinion. Exceptions overruled, and judgment ordered on verdict, with costs.

---

In re BRAUN. (Supreme Court, Appellate Division, First Department. May 8, 1903.) In the matter of John A. Braun, as assignee of Isidor Bremer. No opinion. Order affirmed, with costs.

---

In re BRAUN. (Supreme Court, Appellate Division, First Department. June 19, 1903.) In the matter of John H. Braun. No opinion. Motion denied, with $10 costs.

---

BRENNAN v. PINELLI. (Supreme Court, Appellate Division, Second Department. May 28, 1903.) Action by Michael Brennan against Liberato Pinelli. Judgment for plaintiff, and defendant appeals. Affirmed. Frederick W. Hottenroth, for appellant. John R. Halsey, for respondent.

HIRSCHBERG, J. The defendant was the owner of a house and lot in the borough of the Bronx until the 15th day of November, 1900. On that date the title of the property was vested in the city of New York by virtue of statutory proceedings duly taken to open and widen a public highway known as the "White Plains Road," and thereafter the building became and remained an incumbrance upon the street, the removal of which was, by the terms of section 383 of the amended charter (chapter 466, p. 1, Laws 1901), within the cognizance and control of the president of the borough. The defendant and his family continued to occupy the property after the title had been acquired by the city, and on the 2d day of April, 1902, the building was sold under the direction of the president of the borough at public auction to the plaintiff. The defendant thereafter refused to vacate the building, or to deliver up possession, or to permit the plaintiff to remove it, until August 19, 1902, although a proper demand was made on April 3d, the day after the purchase, and notwithstanding he had full knowledge of the plaintiff's rights in the premises. The defendant makes no claim of right, but bases his appeal altogether upon technical objections to the plaintiff's title and to the legal proceedings taken for the enforcement of the latter's rights. We do not find any of them sufficient to justify a reversal. The case seems a proper one for the application of the ordinary rule of damages by which an injured party is made whole. The court was justified in finding that the plaintiff could have rented the building in its then condition when removed, and has awarded to the plaintiff such rental for the period during which he was deprived of the same by the defendant's wrongful act, together with special damage by way of additional expense in the removal occasioned by such act. Under the peculiar circumstances of the case, and in view of the theory upon which it was tried on both sides, the measure of damages applied may be upheld as just and equitable, and no point is made in reference to it which requires our interference with the result. The judgment should be affirmed. Judgment of Municipal Court affirmed, with costs. All concur.

---

BRENNAN, Appellant, v. SECOND NAT. BANK OF OSWEGO, N. Y., Respondent. (Supreme Court, Appellate Division, Fourth Department. May 19, 1903.) Action by John Brennan against the Second National Bank of Oswego, N. Y. No opinion. Judgment and order affirmed, with costs.

---

BRICK, Respondent, v. AUTOMOBILE CLUB OF AMERICA et al., Appellants. (Supreme Court, Appellate Division, Second Department. May 28, 1903.) Action by John E. Brick against the Automobile Club of America and Albert R. Shattuck, impleaded with others. No opinion. Order affirmed, with $10 costs and disbursements.

---

BRIDGEWOOD, Respondent, v. BROWN et al. (PELHAM, Appellant). (Supreme Court, Appellate Division, Fourth Department. May 12, 1903.) Action by Charlotte A. Bridgewood against Frank H. Brown and others. No opinion. Judgment and order affirmed, with costs.

---

BRIGGS, Respondent, v. NEW YORK CENT. & H. R. R. CO., Appellant. (Supreme Court, Appellate Division, Fourth Department. May 19, 1903.) Action by Florence Briggs, by guardian, etc., against the New York Central & Hudson River Railroad Company. No opinion. Judgment and order affirmed, with costs.

---

BRIGGS, Respondent, v. NEW YORK CENT. & H. R. R. CO., Appellant. (Supreme Court, Appellate Division, Fourth Department. June

2, 1903.) Action by Florence Briggs by guardian, etc., against the New York Central & Hudson River Railroad Company. No opinion. Motion for reargument denied, with $10 costs and disbursements. Motion for leave to appeal to the Court of Appeals denied.

BRIGHTWEAZER et al., Respondents, v. FULTS et al., Appellants. (Supreme Court, Appellate Division, Fourth Department. May 5, 1903.) Action by Catherine Brightweazer and another against George Washington Fults and others. No opinion. Interlocutory judgment and order affirmed, with costs.

In re BROOKLYN UNION ELEVATED R. CO. (Supreme Court, Appellate Division, Second Department. May 28, 1903.) In the matter of the petition of the Brooklyn Union Elevated Railroad Company relative to acquiring title to real estate, etc. Parcel No. 85; premises, 165 Lexington avenue; Theodore B. Case, owner. No opinion. Motion for leave to appeal to the Court of Appeals granted.

BROOKES, Respondent, v. LORENZEN, Appellant. (Supreme Court, Appellate Division, Second Department. June 12, 1903.) Action by Charles Brookes, as receiver of the property, etc., of Theodore De Cline, a judgment debtor, against Frederick Lorenzen.

PER CURIAM. Judgment of the County Court of Westchester county affirmed, with costs.

HIRSCHBERG, J., not voting.

BROOKS v. NEW YORK CENT. & H. R. R. CO. (Supreme Court, Appellate Division, Fourth Department. May 19, 1903.) Action by Sarah Brooks against the New York Central & Hudson River Railroad Company.

PER CURIAM. Plaintiff's exceptions sustained, and motion for new trial granted, with costs to the plaintiff to abide event. Held, that the question of defendant's negligence was one of fact for the jury.

BROWN, Respondent, v. CITY OF FULTON, Appellant. (Supreme Court, Appellate Division, Fourth Department. May 19, 1903.) Action by Louisa Brown against the city of Fulton. No opinion. Judgment and order affirmed, with costs.

BRYAN v. FARMERS' MUT. INDEMNITY ASS'N OF CAYUGA COUNTY. (Supreme Court, Appellate Division, Fourth Department. May 12, 1903.) Action by Daniel J. Bryan against the Farmers' Mutual Indemnity Association of Cayuga county. No opinion. Motion for reargument denied, with $10 costs and disbursements.

BRYAN, Respondent, v. FARMERS' MUT. INDEMNITY ASS'N OF CAYUGA COUNTY, Appellant. (Supreme Court, Appellate Division, Fourth Department. June 2, 1903.) Action by Daniel J. Bryan against the Farmers' Mutual Indemnity Association of Cayuga county. No opinion. Motion for leave to appeal to the Court of Appeals denied, with $10 costs.

BURDICK v. BURDICK et al. (Supreme Court, Appellate Division, Second Department. June 5, 1903.) Action by Lafayette L. Burdick against Mary E. Burdick and Laura V. Stickley. No opinion. Reargument ordered for Wednesday, June 10, 1903.

BURKE v. RHOADS. (Supreme Court, Appellate Division, First Department. May 22, 1903.) Action by Francis P. Burke against Benjamin T. Rhoads. No opinion. Motion denied.

CALDWELL, Appellant, v. NEW YORK CENT. & H. R. R. CO., Respondent. (Supreme Court, Appellate Division, Fourth Department. May 12, 1903.) Action by Mary Ann Caldwell, as administratrix, etc., against the New York Central & Hudson River Railroad Company. No opinion. Judgment affirmed, with costs.

CALDWELL et al., Respondents, v. NEW YORK & H. R. CO. et al., Appellants. MT. MORRIS BANK v. SAME. CAMPBELL v. SAME. HENRY v. SAME. TYNBERG v. SAME. (Supreme Court, Appellate Division. First Department. June 19, 1903.) Separate actions brought by Emily R. Caldwell and another, by the Mt. Morris Bank, by Bridget Campbell, by Samuel Henry, and by Ida Tynberg against the New York & Harlem Railroad Company and others. From judgments for plaintiffs, defendants appeal. Reversed. See 71 N. Y. Supp. 1105. I. A. Place, for appellants. C. T. B. Rowe, Thomas P. Wickes, James C. Bushby, and G. C. Lay, for respondents.

PER CURIAM. We are of the opinion that the judgments in all these cases must be reversed, but that the complaints should not be dismissed in any of them, but a new trial ordered. In regard to those cases which it is sought to distinguish from the cases disposed of by the Court of Appeals, because they relate to damages arising from the construction of a station, even if such plaintiffs might be entitled to some damages, they are so intermingled with the other damages that this court cannot separate the same. The suggestion was made upon the argument of some of these cases that counsel for